22493

SPARTAN EQUIPMENT COMPANY, INC., Appellant v. SUMTER COUNTY SAND COMPANY, A DIVISION OF GLASSCOCK TRUCK-ING, INC., OF SOUTH CAROLINA, Respondent.

(341 S. E. (2d) 376)

Supreme Court

*William E. DuRant, Jr.,* of *Schwartz, McLeod & DuRant,* Sumter, *for appellant.*

*D. Gene Rickenbacker,* and *John E. Miles,* Sumter, *for respondent.*

Heard Feb. 12, 1986.

Decided March 6, 1986.

HARWELL, Justice:

Appellant brought suit to recover amounts due on a rental contract. Respondent claimed that it was entitled to an offset due to appellant's breach of warranty on a prior sales transaction between the two parties. The jury returned a verdict for the respondent without finding an offset. Appellant contends that, in the absence of an offset, it was entitled to a minimum of $12,019.11 rent which the respondent admitted that he had incurred. We agree and reverse and remand.

Appellant sells and leases heavy equipment. On March 30, 1982, the respondent purchased a used Koehring excavator from the appellant. Approximately two and a half months later, respondent leased a LS 5400 excavator from the appellant because the Koehring was in a state of disrepair. The monthly rental for the LS 5400 excavator, including insurance, was $5,400. Other terms of the rental agreement are in dispute. Respondent took possession of the LS 5400 excavator on June 15, 1982 and used it until August 24, 1982. The excavator was not returned until October 26, 1982. Respondent never paid the appellant any money on the rental equipment.

Appellant filed suit seeking accrued monthly rental from June 22, 1982 to October 26, 1982, together with accrued insurance and finance charges, as well as various bills appellant incurred in the repair and service of the excavator upon its return by the respondent. The respondent answered by way of a general denial and offset, claiming entitlement to offset damages allegedly incurred due to problems it had with the used Koehring excavator that it had purchased from the appellant. Respondent alleged that appellant breached its express warranties to the respondent on the Koehring excavator. Appellant denied that any express warranty was given to the respondent. The lower court ruled that there was no evidence as to an express warranty. The respondent, however, was allowed to amend his answer during the trial and proceed on the theory of implied warranty. Appellant contended that a disclaimer was made as to the used Koehring which excluded all warranties, express and implied. This issue was submitted to the jury for purposes of offset. Appellant also denied that any agreement was made to offset the rent due on the LS 5400 against the cost of repairing the Koehring.

After the judge denied the appellant's motion for a directed verdict, the case was submitted to the jury. The jury found for the respondent without finding an offset. The court denied appellant's request for a judgment notwithstanding the verdict, or, in the alternative, a new trial absolute or a trial *nisi.* This appeal followed.

The appellant contends that he was entitled to a judgment against the respondent as to rent from June 15, 1982 until

August 24, 1982. We agree. At trial, the respondent testified that he was obligated to pay rent through August 24, 1982 which would result in a minimum obligation of $12,019.11. The lower court acknowledged the undisputed nature of the testimony, and clearly indicated that the offset was the only undecided issue in the record. The lower court stated, "The only problem I have with not granting the motion (appellant's motion for directed verdict on liability) is as to whether or not it was to be offset. Both the plaintiff and the defendant testified there was an agreement to rent the machine for five thousand dollars a month and four hundred dollars insurance.... It's undisputed for two months, I believe."

The jury thereafter returned a verdict for the respondent, even though it did not find that the respondent was entitled to an offset. The jury's verdict ignored the undisputed evidence, acknowledged by the respondent, that the respondent was obligated to pay $12,019.11 rent. Since the verdict rendered by the jury is inconsistent with the pleadings and evidence in the present case, we reverse and remand for a new trial. *See Bell v. Harrington Mfg. Co.*, 265 S. C. 468, 219 S. E. (2d) 906 (1975) (reversal of jury's verdict can only result when only reasonable inference from evidence is contrary to factual findings implicit in verdict). It is not necessary for us to address the other errors committed in the lower court.

Reversed and remanded.

GREGORY, A. C. J., and FINNEY and CHANDLER, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

NESS, C. J., not participating.